UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIE RAMIREZ, et al.,<br>Plaintiffs,<br>v.<br>ALLSTATE INSURANCE,<br>Defendant. | Case No. 26-cv-07340-RFL<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 14 |

Jennie Ramirez and Jesus Estrada brought this action in state court against their insurer, Allstate, seeking damages for breach of contract and breach of the implied covenant of good faith and fair dealing. (Dkt. No. 1-1.) Ramirez and Estrada also sought a judicial declaration of their rights under their insurance contract. (*Id.*) Allstate demurred. (Dkt. No. 14-4.) The state court sustained Allstate's demurrer to the breach of contract claim but overruled its demurrer to the good faith and declaratory relief claims. (Dkt. No. 14-7.) Ramirez and Estrada filed an amended complaint. (Dkt. No. 1-3 ("FAC").) Allstate filed an answer. (Dkt. No. 1-4.) Allstate then removed the case to federal court and filed a motion for judgment on the pleadings. (Dkt. Nos. 1, 14.) For the reasons stated below, Allstate's motion is **GRANTED.** Ramirez and Estrada are granted leave to amend their claims to address the defects identified in this Order.

## I. FACTUAL ALLEGATIONS

Ramirez and Estrada purchased an insurance policy from Allstate that included uninsured

motorist benefits. (FAC ¶ 23.) On July 2, 2023, Ramirez and Estrada were involved in a car accident caused by Altif Vinson. (*Id.* ¶ 6.) Vinson presented an insurance card from Aspire Insurance. (*Id.* ¶ 7.) Ramirez and Estrada submitted a claim to Aspire, but Aspire rejected it because Vinson's policy was not in effect at the time of the accident. (*Id.* ¶ 8.) On June 11, 2025, Ramirez and Estrada's counsel sent a demand letter to Allstate seeking benefits under the uninsured motorist provision of their own policy. (*Id.* ¶ 10.) Allstate acknowledged the letter. (*Id.*) On July 7, 2025, Allstate rejected the uninsured motorist claim because its investigation revealed that Vinson was covered by CSAA at the time of the collision. (*Id.* ¶ 15.) Ramirez and Estrada immediately submitted a claim to CSAA, but it was rejected because the two-year limitations period expired on July 2, 2025. (*Id.* ¶¶ 15-16.) Ramirez and Estrada allege that Allstate became aware of Vinson's coverage before that date, yet did not disclose this information in time for them to seek compensation from his insurance company. (*Id.* ¶ 12.) They further allege that by failing to timely investigate and inform them of material findings, Allstate breached its contractual duties, various provisions of the California Insurance Code, and the implied covenant of good faith and fair dealing. (*Id.* ¶¶ 25-30, 33-34.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires any pleading that seeks relief to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Before filing an answer, a defendant may move to dismiss any claim that fails to meet this standard pursuant to Rule 12(b)(6). After filing an answer, a defendant may move for judgment on the pleadings pursuant to Rule 12(c). "The standard applied on a Rule 12(c) motion is essentially the same as that applied on motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6)." *Butler v. Resurgence Fin., LLC*, 521 F. Supp. 2d 1093, 1095 (C.D. Cal. 2007); *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

To survive dismissal on either motion, a claim must contain "factual allegations [that] 'suggest that the claim has at least a plausible chance of success.'" *See Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (citation omitted) (describing Rule 12(b)(6) standard). "A claim

has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "For purposes of the motion, the allegations of the non-moving party must be accepted as true[.]" *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). But "allegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (quoting *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014)).

Where a state court has previously ruled on an issue, this Court may revisit it following removal only for "cogent reasons" or in "exceptional circumstances." *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 530 (9th Cir. 2000). Differences in the governing legal standard constitute a cogent reason to revisit the state court's ruling. *See id.* at 531 (holding district court did not abuse discretion in revisiting state court summary judgment ruling where the state and federal standards are distinct).[1] Here, the federal pleading standard is "more stringent" than the California pleading standard because, in California courts, allegations are accepted as true "however improbable they may be." *Smith v. Superior Ct.*, 121 Cal. App. 5th 607, 624 n.9 (Cal. Ct. App. 2026). This Court has an obligation to determine whether the factual allegations in the complaint meet the federal plausibility pleading standard. *Iqbal*, 556 U.S. at 678.

---

[1] Indeed, because the state court did not apply the federal pleading standard, the state court has never decided the issue presented in this motion, and this order does not revisit a state court decision. As such, there is no need to determine whether the state court's determination was "clearly erroneous" and "would work a manifest injustice." *Zeyen v. Bonneville Joint Dist., # 93*, 114 F.4th 1129, 1138 (9th Cir. 2024) (requiring such findings when a federal district judge is "revisiting the prior decision" of the previously assigned federal district judge, "absent other circumstances").

## III. ANALYSIS

Ramirez and Estrada assert claims under California law for breach of contract and the implied covenant of good faith and fair dealing. A federal court sitting in diversity jurisdiction must apply the substantive law of the state as articulated by the state's highest court. *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011). If the California Supreme Court has not ruled on an issue, this Court must predict how it would decide it "using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Strother v. S. California Permanente Med. Grp*., 79 F.3d 859, 865 (9th Cir. 1996) (quoting *Arizona Elec. Power Coop., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995)).

### A. Breach of Contract

A claim for breach of contract must identify the specific provisions of the contract that the defendant allegedly violated. *Twaite v. Allstate Ins. Co*., 216 Cal. App. 3d 239, 252-53 (Cal. Ct. App. 1989). This does not mean, as Allstate suggests, that a court may consider only the express language of those provisions when determining if a breach occurred. Under California law, "the mutual intention of the parties at the time the contract is formed governs interpretation." *AIU Ins. Co. v. Superior Ct.*, 51 Cal. 3d 807, 821 (Cal. 1990). "Such intent is to be inferred, if possible, solely from the written provisions of the contract." *Id.* at 822. But where contract language is ambiguous, courts interpret the policy in line with "the objectively reasonable expectations of the insured." *Id.* "[C]ourts are certainly free to find implied rights in contracts," but those rights "must be closely connected to the express provisions of the contract." *McMillin Scripps N. P'ship v. Royal Ins. Co.*, 19 Cal. App. 4th 1215, 1220 (Cal. Ct. App. 1993).

Ramirez and Estrada do not allege that any provision of their insurance policy expressly requires Allstate to timely and reasonably investigate a claim for uninsured motorist benefits and inform them of the results. They instead allege this benefit is implied in a policy provision that requires them to "cooperate with [Allstate] in the investigation, settlement and defense of any claim or lawsuit." (FAC ¶ 26.) This claim fails because the cited policy language unambiguously places an obligation on the insured, not the insurer. It is also prefaced: "*When*

*we ask*, an insured person must cooperate with us in the investigation[.]" (Dkt. No. 14-3 at 19) (emphasis added).[2] Such language cannot be interpreted as requiring Allstate to investigate.

Ramirez and Estrada further attempt to root Allstate's contractual obligations in various provisions of the California Insurance Code that require timely and reasonable investigation and handling of claims. (FAC ¶¶ 27-31.) However, the California Supreme Court has held that these statutory requirements do not create private rights of action. *Moradi-Shalal v. Fireman's Fund Ins. Companies*, 46 Cal. 3d 287, 292 (Cal. 1988). To find that these provisions of the Insurance Code constitute implied obligations in every insurance contract would be contrary to this holding. *See McMillin Scripps*, 19 Cal. App. 4th at 1221.

Recognizing this, California courts have consistently rejected the idea that a duty to investigate is implied in every insurance contract. In *McMillin Scripps*, the California Court of Appeal considered a claim for reimbursement of funds the insured expended to investigate the cause of a potentially covered loss. *Id.* at 1218. The California Supreme Court had reasoned before in the liability insurance context that the duty to defend extends to any "*potentially* covered claim" in part because it would "defeat the basic reason for the purchase of the insurance" if the insured found out only after financing his own defense whether he was covered. *Id.* at 1221 (quoting *Gray v. Zurich Insurance Co.*, 65 Cal.2d 263, 267 (Cal. 1966)). However, the Court of Appeal declined to find that insurers have a similar duty to investigate whether potentially covered losses were caused by a covered peril: "Finding such a right in first party policies would be giving them a fundamental characteristic of liability policies: payment not only for covered casualties but payment for the costs of resolving a dispute." *Id.* Other Courts of Appeal decisions also reject the notion of a freestanding right to adequate investigation of a first

[2] Although Ramirez and Estrada did not attach the policy to their complaint, Allstate included it as an exhibit to its motion for judgment on the pleadings and asked the Court to take judicial notice of it. (Dkt. Nos. 14-2, 14-3.) Courts ruling on the sufficiency of pleadings may "take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted). Allstate's request for judicial notice is granted because the policy meets this standard.

party claim. *See, e.g.*, *Benavides v. State Farm Gen. Ins. Co.*, 136 Cal. App. 4th 1241, 1251 (Cal. Ct. App. 2006) (finding no cause of action for negligent investigation). Nothing in the operative complaint alleges facts distinguishing the relevant policy from these precedents, which are binding on this Court.[3] Ramirez and Estrada therefore do not state a claim for relief.

**B. Breach of the Implied Covenant of Good Faith**

"The law implies in every contract, including insurance policies, a covenant of good faith and fair dealing." *Wilson v. 21st Century Ins. Co.*, 42 Cal. 4th 713, 720 (Cal. 2007). A breach of the covenant is actionable in tort. *Id.* The covenant acts "as a *supplement* to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract." *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1153 (Cal. Ct. App. 1990). "[W]hen benefits are due an insured, 'delayed payment based on inadequate or tardy investigations . . . may breach the implied covenant' because they frustrate the insured's right to receive the benefits of the contract in 'prompt compensation for losses.'" *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 36 (Cal. 1995) (citation omitted). But "[i]f the insurer's investigation—adequate or not—results in a *correct* conclusion of no coverage, no tort liability arises for breach of the implied covenant." *Benavides*, 136 Cal. App. 4th at 1250.

As analyzed above with respect to the breach of contract claim, Ramirez and Estrada do not adequately allege that they suffered a covered loss or that Allstate otherwise frustrated their right to receive any benefits due under their own policy. Ramirez and Estrada instead allege that Allstate's conduct caused them to "[lose] their opportunity for third-party recovery." (FAC ¶¶ 31, 36.) But this is a claim that Allstate frustrated their right to receive benefits under Vinson's policy. The implied covenant of good faith and fair dealing has its roots in the contractual relationship between the insurer and the insured and thus requires Ramirez and Estrada to allege

---

[3] This Court must follow the decisions of the Courts of Appeal unless convinced the California Supreme Court would reach a different result. *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 828 (9th Cir. 2018).

a covered loss under their own contract with Allstate. *Waller*, 11 Cal. 4th at 36.

Ramirez and Estrada's alleged consequential damages do distinguish their case from others in which the California courts rejected good faith claims based on a failure to investigate. *See, e.g.*, *id.* at 37; *Love*, 221 Cal. App. 3d at 1152. Here, it cannot be said that "[t]he insured who is not entitled to insurance proceeds has suffered no injury as a result of the manner in which the insurer's investigation was conducted." *Benavides*, 136 Cal. App. 4th at 1251. In some of the initial cases where the Courts of Appeal considered the contours of the implied covenant, they speculated that "there may be unusual circumstances in which an insurance company could be liable to its insured for tortious bad faith despite the fact that the insurance contract did not provide for coverage," such as where the insurer "unreasonably delayed in performing an investigation of a claim before concluding there was no coverage and the insured suffered consequential loss as a result of the delay." *Murray v. State Farm Fire & Cas. Co.*, 219 Cal. App. 3d 58, 65-66 n.5 (Cal. Ct. App. 1990); *McMillin Scripps*, 19 Cal. App. 4th at 1222-23 (examining Arizona case where insurer withheld results of investigation that showed insured was entitled to third party benefits from another of insurer's policy holders).

Nonetheless, the California Supreme Court did not include any similar provisos when it held in *Waller* that a plaintiff cannot bring an implied covenant claim based on the investigation or processing of the claim "when the insurer defendant had properly denied the claim under the policy." 11 Cal. 4th at 35. The possible exceptions articulated in *Murray* and *McMillin Scripps* "directly conflict with the California Supreme Court's decision in *Waller*," and thus this Court cannot adopt them. *Marentes v. State Farm Mut. Auto. Ins. Co.*, 224 F. Supp. 3d 891, 918 (N.D. Cal. 2016). The California Courts of Appeal have treated these potential exceptions as dicta and declined to follow them for that reason, and this Court must do the same. *See id.* at 917; *Benavides*, 136 Cal. App. 4th at 1253.

**C. Claim for Declaratory Relief**

A plaintiff may bring a claim for declaratory relief under California law "in cases of actual controversy relating to the legal rights and duties of the respective parties" to a contract.

Cal. Civ. Proc. Code § 1060. Because Ramirez and Estrada "failed to state any claims . . . there is no actual and present controversy." *Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1038 (N.D. Cal. 2010). The declaratory relief claim is dismissed on that basis. *Id.*

## IV. CONCLUSION

Allstate's motion for judgment on the pleadings is **GRANTED.** Because it is not clear that Ramirez and Estrada's claims "could not be saved by any amendment," the dismissal is with leave to amend. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). If Ramirez and Estrada wish to file a Second Amended Complaint, they must do so by **November 12, 2026.**

**IT IS SO ORDERED.**

Dated: October 22, 2026

RITA F. LIN
United States District Judge